Seyfarth Shaw LLP
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
Timothy M. Hoppe (SBN 310999)
thoppe@seyfarth.com
Jonathan D. Martin (SBN 188744)
jmartin@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendant
MACH 1 GLOBAL SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CASTRO, ROBERT SASSER and BRYCE DIXON, and the proposed class,<br><br>Plaintiffs,<br><br>v.<br><br>MACH 1 GLOBAL SERVICES, INC., a California corporation; and DOES 1-5,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT MACH 1 GLOBAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Superior Court of California, Alameda County, Case No. RG21099380 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant MACH 1 GLOBAL SERVICES, INC. ("Defendant") hereby removes the above-referenced action filed by Plaintiffs MARCELINO CASTRO, ROBERT SASSER and BRYCE DIXON ("Plaintiff") (collectively the "Parties") in the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. § 1331, to effect the removal of this action, and states that removal is proper for the reasons set forth below.

**BACKGROUND**

1.     This removal involves a putative class action lawsuit that was filed by Plaintiffs on May 14, 2021 in the Superior Court of the State of California for the County of Alameda, entitled *Marcelino Castro, Robert Sasser and Bryce Dixon, and the proposed class v. Mach 1 Global Services, Inc., a California corporation; and Does 1-5*, Case No. RG21099380 (the "Complaint"), Case No. RG21099380.  A true and correct copy of the Complaint, along with its accompanying Summons, a Civil Case Cover Sheet, and a blank Notice and Acknowledgment of Receipt, is attached hereto as part of Exhibit A.

2.     The Complaint asserts nine claims for relief against Defendant:  It asserts a federal claim under the Fair Labor Standards Act, as well as derivative state law claims under the California Labor Code, Civil Code, and other related state regulations.  Specifically, Plaintiffs assert (1) Violation of the Fair Labor Standards Act; (2) Failure to Pay Wages; (3) Failure to Provide Rest Breaks or Compensation in Lieu Thereof; (4) Failure to Provide Meal Periods or Compensation in Lieu Thereof; (5) Failure to Pay Overtime Wages; (6) Wage Statement Violations; (7) Unfair Business Practices; (8) Failure to Reimburse Business Expenses; and (9) Failure to Pay Final Wages.

**TIMELINESS OF REMOVAL**

3.     A Notice of Removal is timely if it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law").  Under California law, service of a Summons and Complaint via Notice and Acknowledgment of Receipt ("NAR") of Summons and Complaint is deemed complete on the date that the defendant or its representative executes the Notice and Acknowledgment.  California Code of Civ. Proc. § 415.30.

4.     On August 1, 2021, Plaintiffs' counsel e-mailed a NAR on Defendant's counsel, along with the Summons and Complaint in this action, and Defendant's counsel executed the NAR on August

2

23, 2021. A true and correct copy of the executed NAR is attached hereto as <u>Exhibit B</u>. Thus, service was completed on August 23, 2021.

5.      Accordingly, this Notice of Removal is timely filed, as it is filed within 30 days after service of the Summons and Complaint pursuant to state law.

6.      Defendant filed its Answer to the Complaint in the Superior Court of California, County of Alameda, on September 9, 2021, before removing this action to this Court. A true and correct copy of the Answer is attached hereto as <u>Exhibit C</u>.

## **GROUNDS FOR REMOVAL**

7.      This Court has original jurisdiction over actions involving one or more federal questions. 28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States). Further, this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original [federal question] jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

8.      Plaintiffs' seventh cause of action in the Complaint seeks remedies under the Fair Labor Standards Act ("FLSA") – a federal statute codified at 29 U.S.C. §§ 201, *et seq*. – based on allegations that Defendant failed to pay Plaintiffs and the putative class members minimum wage, failed to pay them for all hours worked, and failed to pay them overtime pay for over 40 hours of work performed in a week. Exh. A, at 10:8 – 11:15. This action therefore presents a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

9.      Plaintiffs' first and fourth causes of action in the Complaint also assert claims under California law for failure to pay minimum wage, failure to pay for all hours worked, and failure to pay them overtime pay for work performed over 40 hours in a week – largely identical claims to Plaintiffs' claim under the FLSA. Exh. A, at 4:11-23, 7:1-19. Additionally, Plaintiffs' sixth cause of action under California's Unfair Competition Law is based in part on the aforementioned alleged failure to pay minimum wage and overtime pay, and to pay for all hours worked. Exh. A, at 8:20 – 10:7.

10.     Plaintiff's remaining causes of action under California law for failure to provide meal and rest periods, wage statement violations, failure to reimburse business expenses, and failure to pay final wages are, like the aforementioned claims, based on Defendant's alleged compensation practices.

11.     Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims as they arise from, relate to, and/or emanate from the same alleged acts as the alleged violations of the FLSA, and are so related that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

12.     Plaintiff cannot divest this Court of jurisdiction after removal by deleting the federal cause of action that conferred jurisdiction on the Court.  Jurisdiction is assessed at the time a complaint is filed and removal effected, and subsequent events "do not oust the district court's jurisdiction once it has attached."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002) (jurisdiction determined at time complaint is filed and removal is effected); *Sparta Surgical v. Nat. Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016) ("a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based").

## VENUE

13.     Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391 and 1441(a).  This action originally was brought in the Superior Court of the State of California for the County of Alameda, which is located within the Northern District of the State of California, and Plaintiffs have alleged that Defendant does business in the County of Alameda.  Exh. A, at 2:7-8.

## NOTICE OF REMOVAL

14.     This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Alameda.

15.     In compliance with 28 U.S.C. § 1446(a), Exhibit A hereto constitutes true and correct copies of all process, pleadings, and orders served upon Defendant.

16.     The undersigned, as counsel for Defendant, has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREFORE, Defendant MACH 1 GLOBAL SERVICES, INC. prays that the above action pending before the Superior Court of the State of California for the County of Alameda be removed to the United States District Court for the Northern District of California.

DATED: September 10, 2021                    Respectfully submitted,

SEYFARTH SHAW LLP


By:     /s/ *Jonathan D. Martin*

Brian T. Ashe
Timothy M. Hoppe
Jonathan D. Martin
Attorneys for Defendant
MACH 1 GLOBAL SERVICES, INC.

74247019v.1

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
 MACH 1 GLOBAL SERVICES, INC., a California corporation; and DOES 1-5

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 MARCELINO CASTRO, ROBERT SASSER and BRYCE DIXON, and the proposed class

| |
|---|
| **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

 You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

 There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

 *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

 *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda Superior Court 1225 Fallon Street, Oakland, California 94612 | CASE NUMBER: *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher J. Hamner, Esq. 26565 West Agoura Road, Suite 200-197, Calabasas, CA 91302, Telephone: (888) 416-6654

| | | |
|---|---|---|
| DATE: *(Fecha)* | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]          [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher J. Hamner, Esq. (SBN 197117)<br>HAMNER LAW OFFICES, APLC<br>26565 West Agoura Road, Suite 200-197<br>Calabasas, California 91302<br><br>TELEPHONE NO.: (888) 416-6654    FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 2233 Shoreline Dr,
MAILING ADDRESS:
CITY AND ZIP CODE: Alameda CA, 94501
BRANCH NAME:

CASE NAME:
Castro v. Mach 1 Global Services Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence        court
                                                        f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [X] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 5/5/2021

Christopher J. Hamner, Esq.
_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Attorneys for Plaintiffs and the proposed class

## SUPERIOR COURT OF CALIFORNIA

## COUNTY ALAMEDA

| | |
|---|---|
| MARCELINO CASTRO, ROBERT SASSER and BRYCE DIXON, and the proposed class<br><br>Plaintiffs<br><br>v.<br><br>MACH 1 GLOBAL SERVICES, INC., a California corporation; and DOES 1-5<br><br>Defendants | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  **FAILURE TO PAY WAGES**<br>2.  **FAILURE TO PROVIDE REST BREAKS OR COMPENSATION IN LIEU THEREOF**<br>3.  **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**<br>4.  **FAILURE TO PAY OVERTIME WAGES**<br>5.  **WAGE STATEMENT VIOLATIONS**<br>6.  **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§17200-17208)**<br>7.  **VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")**<br>8.  **FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE §2802)**<br>9.  **FAILURE TO PAY FINAL WAGES (LABOR CODE §203)** |

## I.    THE PARTIES

### A.    Plaintiffs

1.    Plaintiffs Marcelino Castro, Robert Sasser and Bryce Dixon ("Plaintiffs") are residents of California.  At all relevant times herein, Plaintiffs were been employed by Defendant as a non-exempt delivery drivers.

### B.    Defendant

2.    Defendant, Mach 1 Global Services, Inc. is located a California corporation located in Tempe, Arizona, which regularly and systematically does business in Alameda County.

3.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 5, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiffs are informed and believes, and based thereon alleges, that Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.  Mach 1 Global Services, Inc. and DOE defendants are hereinafter referred to as "Defendants."

## II.    GENERAL ALLEGATIONS

4.    Plaintiffs and the class they seek to represent worked / work as hourly drivers for Defendants at various locations in California.  During their work shifts for Defendants, Plaintiffs and the class they seek to represent were regularly not provided with the opportunity to take timely and uncontrolled meal periods and rest breaks.

5.    Plaintiffs also allege that they and the proposed class have not been paid at the legal overtime rate for their work of over 8 or more hours worked in a workday.  On information and belief Plaintiffs allege that Defendants maintain a company-wide policy of not paying *any* wages at the overtime rate for work performed of over 8 hours per day.

6.    Defendants' policies and practices as alleged herein resulted in a failure to pay all wages and overtime due for compensable work time wherein Plaintiffs and the proposed class remained subject to Defendants' control.  These acts and omissions by Defendants have also resulted in violation of the FLSA, as well as violations of Labor Code sections 203, 226 1194, 1197, 1197.1 and 2802, as further alleged herein below.

2

7.      On March 5, 2021, Plaintiff Castro filed notice of claims for PAGA penalties with the California Labor and Workforce Development Agency (LWDA) against Defendant Mach 1 Global Services, Inc., and thereafter sent a notice of PAGA claims to this Defendant as required. Plaintiff Castro will seek to amend this complaint to seek PAGA penalties against Defendants if the LWDA does not pursue PAGA penalties against this Defendant.

### III.     CLASS DEFINITION AND ALLEGATIONS

8.      Plaintiffs seeks to represent the following class pursuant to California Code of Civil Procedure section 382:

> **All persons who have worked for Defendants as an hourly driver, or any similar in California, within the past four (4) years and continuing.**

9.      ***Numerosity.***  The members of the proposed class are so numerous that their individual joinder is impracticable.  The precise number of proposed class members is unknown to Plaintiffs.  The true number of the proposed class is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

10.     ***Existence and Predominance of Common Questions of Law and Fact.***  Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members.

11.     ***Typicality.***  Plaintiffs' claims are typical of the claims of the proposed class.

12.     ***Adequacy of Representation.***  Plaintiffs will fairly and adequately protect the interests of the members of the proposed class.  Plaintiffs have retained counsel experienced in complex labor and consumer class action litigation.  Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the proposed class.

13.     ***Superiority.***  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants.  It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs

Complaint

done to them.  Furthermore, even if proposed class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wage, Labor Code §§ 1194, 1197 and 1197.1**
**(Unpaid Minimum Wages)**

14.    Plaintiffs re-allege and incorporate by this reference each of the foregoing as if set forth herein.

15.    Defendants illegally failed to pay wages and overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Order and California Code of regulations, Title 8, section 11160(3).

16.    Plaintiffs seek all actual, consequential, and incidental losses and damages, according to proof, and also, penalties of $100.00 for the initial failure to timely pay minimum wages and $250.00 for each subsequent failure to pay minimum wages pursuant to California Labor Code section 119.1, liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2.

### SECOND CAUSE OF ACTION

**Failure to Provide Rest Breaks**
**(Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)**

17.    Plaintiffs re-allege and incorporate by this reference each of the foregoing as if set forth herein.

4

Complaint

18.     By failing to provide rest periods every four (4) hours or major fraction thereof worked per workday by non-exempt employees and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders at section 12.

19.     By failing to keep adequate time records as required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiffs and the proposed class and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiffs and the proposed class.  On information and belief, Plaintiffs allege Defendants' failure to maintain accurate records was willful.

20.     As a result of the unlawful acts of Defendants, Plaintiffs and the proposed class have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys fees and costs, under Labor Code sections 201, 202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

21.     Plaintiffs allege Defendants are liable to Plaintiffs and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**Failure to Provide Meal Periods**
**(Labor Code § 226.7 and 512)**

22.     Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

23.     Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provided as follows:

　　　　　　　i.   No employer shall employ any person for a work period or more than five (5)

Complaint

hours without a meal period of not less than 30 minutes…

 ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

24. Similarly, Labor Code § 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer.  Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide the meal periods required by California law.  Therefore, Plaintiffs and the proposed class are entitled to compensation as stated above, plus interest, attorneys fees, costs and other applicable relief.

25. Throughout the period applicable to this cause of action, Defendants required Plaintiffs and the proposed class to work through meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore, Plaintiffs and the proposed class are entitled to be paid as stated in Labor Code § 226.7, plus interest, attorneys' fees, costs, and other applicable relief.

26. Plaintiffs allege they and the proposed class did not voluntarily or willfully waive rest or meal periods and was regularly required to work through rest and meal periods.  Defendants failed to meet the requirements for lawful on-duty rest or meal periods and instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking legal rest or meal periods.

27. Plaintiffs alleges Defendants are liable to Plaintiffs and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

6

Complaint

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages
**(Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)**

28.     Plaintiffs re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

29.     Defendants illegally failed to pay overtime wages to Plaintiffs and the proposed class, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

30.     California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over 8 in a day, 40 per week for overtime or over 12 in a day for double-time.

31.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the proposed class have sustained damages, including loss of compensation for overtime worked on behalf of Defendants' in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

32.     Plaintiffs allege Defendants are liable to Plaintiffs and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Wage Statements Violations
**(Labor Code §226(a))**

33.     Plaintiffs re-allege and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.  Section 226(a) of the California Labor Code requires Defendants to itemize all wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiffs on the proposed class.  Defendants knowingly and intentionally failed

7

Complaint

to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiffs and the proposed class during the liability period.

34.     California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

35.     As a consequence of Defendants' knowing and intentional failure to comply with Labor Code section 226(a), Plaintiffs and the proposed class are each entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

36.     Plaintiffs allege Defendants are liable to Plaintiffs and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### Violations of the Unfair Competition Law
### (Bus. & Prof. Code, §§ 17200-17208)

37.     Plaintiffs re-alleges and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

38.     Defendants' policies and practices alleged herein resulted in the Defendants' failure to pay for all working hours, failure to pay overtime, failure to pay under the terms of the employment agreement, and as mandated by law.  Defendants have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which may be

Complaint

discovered in the course of litigation, and which constitute unlawful activity prohibited by

Business and Professions Code section 17200 *et seq.*

39.     The actions of Defendants in failing to pay Plaintiffs and the proposed class in a

lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the

meaning of Business and Professions Code, sections 17200, *et. seq.*

40.     Plaintiffs and the proposed class are entitled to an injunction, specific performance

under Business and Professions Code, section 17202, and/or other equitable relief against such

unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.

Plaintiffs bring this cause individually subject to Defendants' unlawful acts and practices.

41.     As a result of Defendants' unlawful acts, Defendants have reaped and continue

to reap unfair benefits at the expense of Plaintiffs and the proposed class.  Defendants should be

enjoined from this activity, caused to specifically perform their obligations, and made to

disgorge these ill-gotten gains, and restore to Plaintiffs and the public wrongfully withheld

wages and/or other moneys pursuant to Business and Professions Code, sections 17200 *et seq.*

Plaintiffs are informed and believes, and on that basis alleges, that Defendants are unjustly

enriched through their failure to provide wages and overtime wages to Plaintiffs and the

proposed class.

42.     Plaintiffs are informed and believes, and on that basis alleges, that Plaintiffs and the

proposed class were prejudiced by Defendants' unfair trade practices.

43.     As a direct and proximate result of the unfair business practices of Defendants, and each

of them, Plaintiffs is entitled to equitable and injunctive relief, including full restitution, specific

performance, and/or disgorgement of all wages which have been unlawfully withheld from

Plaintiffs and the proposed class a result of the business acts and practices herein, and enjoining

of Defendants to cease and desist from engaging in the practices described herein.

Complaint

44.     The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future.  Plaintiffs alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay wages owed.

45.     Plaintiffs further request that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay all wages owed.

### SEVENTH CAUSE OF ACTION

**Violation of the Fair Labor Standards Act
("FLSA" 29 U.S.C. § 201, *et seq.*)**

46.    Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

47.    Plaintiffs worked for Defendants without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a), which provides: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

48.     Plaintiffs also allege Defendants required Plaintiffs, as part of their employment, to work without additional compensation, such as overtime pay in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1), which provides: "Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

10

Complaint

49.     Plaintiffs allege Defendants required Plaintiff, as part of his employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefore and/or to work at a wage less than the minimum wage, pursuant to, inter alia, 29 U.S.C. §§ 206 and 207(a)(1).

50.     Plaintiffs' FLSA claims are brought not only for overtime violations, unpaid off-the-clock hour and minimum wage violations.  In the performance of his duties for Defendants, Plaintiffs and the proposed class often worked over 40 hours per week yet did not receive straight or overtime compensation for the work, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial. Plaintiffs alleges Defendants' violations of the FLSA were willful and are ongoing.  As a result of the foregoing, Plaintiff seeks judgment against Defendants for unpaid wages, including overtime wages owed by Defendants pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

### EIGHTH CAUSE OF ACTION

**Failure to Reimburse Expenses**
**(Labor Code §2802)**

51.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein.

52.     An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

11

Complaint

53.     For purposes of section 2802, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

54.     Plaintiffs allege that they and the proposed class are owed unreimbursed business expenses in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### Failure to Pay Wages of Terminated or Resigned Employees
### (Labor Code § 201-203)

55.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

56.     As of the filing of the Complaint, Defendant failed to timely pay wages due, and Plaintiff is owed penalties pursuant to Labor Code sections 201, 202, 203.

57.     Defendants failed to pay Plaintiff and all separated employees during the liability period, without abatement, all wages owed to Plaintiff within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

58.     Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because Plaintiff was never paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

59.     Plaintiff alleges Defendants are liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

Complaint

# IV.

# PRAYER FOR RELIEF

Plaintiffs pray as follows:

1.   That the Court determine that the failure of the Defendants to pay compensation to the Plaintiff be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2.   That the Defendants be ordered to pay and judgment be entered for wages for Plaintiff according to proof;

3.   That Defendants be ordered to pay and judgment be entered for overtime wages, to Plaintiff according to proof;

4.   That Defendants be ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiff and the proposed class according to proof:

5.   That Defendants be ordered to pay and judgment be entered for Labor Code section 226 penalties to Plaintiffs and the proposed class according to proof;

6.   That the Defendants be ordered to pay and judgment be entered for Labor Code section 226(f) penalties to Plaintiff and the proposed class according to proof;

7.   That Defendants be ordered to pay and judgment be entered for Labor Code section 203 penalties to Plaintiff and the proposed class according to proof;

8.   That the Defendants be found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

9.   That the Defendants be ordered and enjoined to pay restitution to Plaintiffs and the proposed class due to the Defendants' unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

10.  That Defendants be enjoined from further acts of unfair competition;

11.  That Plaintiffs be awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

13

Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12.  Otherwise determine the appropriate remedy to compensate Plaintiffs and the proposed class, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate.

**DATED:**  May 13, 2021                              **HAMNER LAW OFFICES, APLC**

By:  Christopher J. Hamner, Esq.
Attorneys for Plaintiffs and the proposed class

14

Complaint

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO.: 197117 | FOR COURT USE ONLY |
|---|---|
| NAME: Christopher J. Hamner | |

ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.: 197117

NAME: Christopher J. Hamner
FIRM NAME: Hamner Law Offices, APLC
STREET ADDRESS: 26565 West Agoura Road, Suite 200-197
CITY: Calabasas    STATE: CA    ZIP CODE: 91302
TELEPHONE NO.: 888-416-6654    FAX NO.:
E-MAIL ADDRESS: chamner@hamnerlaw.com
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

Plaintiff/Petitioner: Castro
Defendant/Respondent: Mach 1 Global Services, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:  RG21099380 |
|---|---|

TO (insert name of party being served): Mach 1 Global Services, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 8/1/2021

Chris Hamner

*Chris Hamner*

(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of **(to be completed by sender before mailing):**

1. ☐ A copy of the summons and of the complaint.
2. ☐ Other (specify):

**(To be completed by recipient):**

Date this form is signed: _____

_____    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ] [ Save this form ]    [ Clear this form ]

# EXHIBIT B

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 197117 | FOR COURT USE ONLY |
|---|---|---|

NAME: Christopher J. Hamner
FIRM NAME: Hamner Law Offices, APLC
STREET ADDRESS: 26565 West Agoura Road, Suite 200-197
CITY: Calabasas        STATE: CA    ZIP CODE: 91302
TELEPHONE NO.: 888-416-6654        FAX NO.:
E-MAIL ADDRESS: chamner@hamnerlaw.com
ATTORNEY FOR (Name): Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
 STREET ADDRESS: 1225 Fallon Street
 MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
 BRANCH NAME:

 Plaintiff/Petitioner: Castro
Defendant/Respondent: Mach 1 Global Services, Inc.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: RG21099380 |
|---|---|

TO *(insert name of party being served):* Mach 1 Global Services, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  8/1/2021

Chris Hamner
(TYPE OR PRINT NAME)

*Chris Hamner*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:  August 23, 2021

Timothy M. Hoppe
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

[ Print this form ] [ Save this form ]    [ Clear this form ]

# EXHIBIT C

Seyfarth Shaw LLP
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
Timothy M. Hoppe (SBN 310999)
thoppe@seyfarth.com
Jonathan D. Martin (SBN 188744)
jmartin@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendant
MACH 1 GLOBAL SERVICES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| MARCELINO CASTRO, ROBERT SASSER and BRYCE DIXON, and the proposed class,<br><br>Plaintiffs,<br><br>v.<br><br>MACH 1 GLOBAL SERVICES, INC., a California corporation; and DOES 1-5,<br><br>Defendants. | Case No. RG21099380<br><br>**DEFENDANT MACH 1 GLOBAL SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT** |

Pursuant to California Code of Civil Procedure §431.30(d), Defendant MACH 1 GLOBAL SERVICES, INC. ("Defendant"), on behalf of itself and no other defendant, generally denies each and every allegation and cause of action included in Plaintiffs MARCELINO CASTRO, ROBERT SASSER and BRYCE DIXON's ("Plaintiffs") unverified Class Action Complaint ("Complaint") and, without limiting the generality of the foregoing, denies that Plaintiffs or the putative class members have been damaged in any amount, or at all, by reason of any act or omission of Defendant.

## SEPARATE ADDITIONAL DEFENSES

In further answer to Plaintiffs' Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

### FIRST DEFENSE

#### (Failure to State a Claim)

1. Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

### SECOND DEFENSE

#### (Statute of Limitations)

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure §§ 312, 337, 338, 338.1, 339, 340, and 343, California Business & Professions Code § 17208, and/or California Labor Code §§ 201, 202, 203, 204, 218, 218.6, 226, 226.7, 510, 512, 1174, 1194, 1194.2 1197, 1197.1, 1198, and 2699 *et seq.*

### THIRD DEFENSE

#### (Laches)

3. Plaintiffs have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant, and thus Plaintiffs' claims are barred by the equitable doctrine of laches.

### FOURTH DEFENSE

#### (Waiver/Estoppel)

4. Plaintiffs' Complaint, and each and every cause of action alleged therein, is barred as against Defendant by the doctrines of waiver and estoppel.

### FIFTH DEFENSE

#### (Unclean Hands)

5. Plaintiffs' Complaint, and each and every cause of action alleged therein, is barred as against Defendant by the doctrine of unclean hands.

DEFENDANT MACH 1 GLOBAL SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT

1

**SIXTH DEFENSE**

2

**(Lawful Policies)**

3        6.    Plaintiffs and the putative class members are not entitled to any award under section 226

4   or section 512 of the California Labor Code because, at all times relevant and material herein, the meal

5   and rest break policies that applied to them did not violate any provisions of the California Labor Code

6   or Industrial Welfare Commission Wage Orders.

7

**SEVENTH DEFENSE**

8

**(No Willful Failure to Comply)**

9        7.    Defendant's acts or omissions, if any, were not willful within the meaning of the Fair

10  Labor Standards Act, the California Labor Code, or the California Business and Professions Code.  For

11  example, and not by way of limitation, Plaintiffs and the putative class members are not entitled to any

12  penalty award under section 203 of the California Labor Code because, at all times relevant and material

13  herein, Defendant did not willfully fail to comply with the compensation provisions of the California

14  Labor Code, including but not limited to California Labor Code § 200, *et seq.*, but rather acted in good

15  faith and had reasonable grounds for believing that it did not violate the compensation provisions of the

16  California Labor Code.  Moreover, the putative class members cannot recover penalties under Section

17  203 to the extent their employment with Defendant has not been separated.

18

**EIGHTH DEFENSE**

19

**(Good Faith)**

20        8.    Defendant has at all times acted in good faith and had reasonable grounds for believing

21  that its pay practices with respect to Plaintiffs and those they seek to represent complied with the Fair

22  Labor Standards Act, the California Labor Code and related regulations, the California Industrial Wage

23  Commission Orders, or the California Business and Professions Code.

24

**NINTH DEFENSE**

25

**(No Injury)**

26        9.    Plaintiffs lack standing to seek civil penalties or damages under relevant portions of the

27  California Labor Code and California Business and Professions Code because, *inter alia*, Plaintiffs have

28

not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no civil penalties are available and/or recoverable by Plaintiffs under the statutes Plaintiffs sue upon.

## TENTH DEFENSE

### (Adequate Remedy)

10.     To the extent that Plaintiffs seek equitable or injunctive relief, such remedy is barred because Plaintiffs and the putative class members have an adequate and complete remedy at law, and/or Plaintiffs cannot make the requisite showing to obtain such relief in a labor dispute under California Labor Code §§ 1138.1, *et seq.*

## ELEVENTH DEFENSE

### (Unjust Enrichment)

11.     Plaintiffs' claims and the claims of those they seek to represent are barred because any recovery from Defendant would result in the unjust enrichment of Plaintiffs and those they seek to represent.

## TWELFTH DEFENSE

### (Incorporation by Reference as to Individual Claims)

12.     In the event that this case should proceed as a class or representative action, Defendant incorporates by reference and re-alleges all of its defenses to Plaintiffs' individual claims in response to Plaintiffs' claims on behalf of those persons he purports to represent.

## THIRTEENTH DEFENSE

### (Good Faith Dispute)

13.     Plaintiffs' claims and the claims of the putative class members are barred in whole or in part because a good faith dispute exists regarding whether wages are due.  8 Cal. Code Reg. § 13520.

## FOURTEENTH DEFENSE

### (*Res Judicata*/Collateral Estoppel)

14.     Plaintiffs' Complaint and each and every claim for relief alleged therein is barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent that Plaintiffs, any putative class member or other putative beneficiary of this action have asserted in any prior legal or administrative proceeding the claims that Plaintiffs sue upon and did not prevail on any such claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTEENTH DEFENSE

### (Offset)

15.     To the extent that Plaintiffs and/or members of the putative class are entitled to restitution, damages or penalties, Defendant is entitled to an offset for any overpayments of wages or other consideration previously provided to those parties.

## SIXTEENTH DEFENSE

### (Attorneys' Fees)

16.     The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

## SEVENTEENTH DEFENSE

### (Constitutionality)

17.     Neither Plaintiffs nor any putative class member are entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of Defendant's conduct, and are unconstitutional under the California Constitution and U.S. Constitution and Article I, Section VII of the California Constitution.

## EIGHTEENTH DEFENSE

### (No Double Penalties)

18.     Plaintiffs' claims for penalties are barred to the extent that they claim twice the statutory penalty provided under Labor Code § 226.7 for alleged failure to provide meal or rest periods in a single day.

## NINETEENTH DEFENSE

### (Due Process/No Damages or Injury)

19.     To the extent Plaintiffs purport to seek relief on behalf of others who have suffered no damages or injury, their claims for relief therein violate Defendant's rights to due process under the California and United States Constitutions.

**TWENTIETH DEFENSE**

**(No Injury -- Labor Code § 226)**

20.    Plaintiffs' claim for penalties pursuant to California Labor Code § 226 fail because neither they, nor any of the putative class members, have suffered any injury as a result of the challenged statutory violation.

**TWENTY-FIRST DEFENSE**

**(Prompt Remedial Action)**

21.    Defendant took prompt and appropriate corrective action in response to Plaintiffs' complaints or stated concerns regarding the workplace, if in fact Plaintiffs made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiffs, if any at all.

**TWENTY-SECOND DEFENSE**

**(Lack of Standing Under Proposition 64)**

22.    Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiffs, or any person upon whose behalf Plaintiffs purport to act, lack the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code § 17204.  Under Proposition 64, any Plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code § 17200, *et seq*., must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiffs, or any other person on whose behalf Plaintiffs purport to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiffs lack standing to sue under the UCL.

**TWENTY-THIRD DEFENSE**

**(Release)**

23.    To the extent Plaintiffs and/or putative members of the purported class have executed a release or been included in a release encompassing claims alleged in the Complaint, their claims are barred by that release.

**TWENTY-FOURTH DEFENSE**

**(Accord and Satisfaction)**

24.     Plaintiffs' and the putative class members' claims are barred by the doctrine of accord and satisfaction.  Specifically, to the extent that Plaintiffs and the putative class members were properly and fully compensated for all work performed, including having received payment pursuant to a prior settlement of their claims, acceptance of these payments constitutes an accord and satisfaction for all debts, if any.

**TWENTY-FIFTH DEFENSE**

**(Failure to Mitigate Damages)**

25.     Plaintiffs and the putative class members are not entitled to recover damages from Defendant alleged in their Complaint, due to their failure to make reasonable efforts to mitigate or minimize the alleged damages.

**TWENTY-SIXTH DEFENSE**

**(Setoff and Recoupment)**

26.     To the extent a court holds that Plaintiffs or putative members of the purported class are entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiffs or putative members of the purported class owed to Defendant against any judgment that may be entered against Defendant.

**TWENTY-SEVENTH DEFENSE**

**(Unreasonableness)**

27.     Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiffs and the putative class members unreasonably failed to prevent or to avoid such harm and/or to diminish the extent of the harm.

**TWENTY-EIGHTH DEFENSE**

**(Failure to Comply With Employer's Directions)**

28.     Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiffs failed to substantially comply with all of the directions of their employer

DEFENDANT MACH 1 GLOBAL SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT

concerning the service on which they were engaged and Plaintiffs' obedience to the directions of the employer was neither impossible or unlawful, nor would impose new and unrealistic burdens upon them, pursuant to California Labor Code § 2856.

## TWENTY-NINTH DEFENSE

### (Contribution By Plaintiff's Own Acts)

29.    If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiffs and/or the putative class members' own acts, omissions, and/or failures to act.

## THIRTIETH DEFENSE

### (Avoidable Consequences Doctrine)

30.    Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine.

## THIRTY-FIRST DEFENSE

### (Inability To Pursue Legal and Equitable Claims Involving Same Alleged Facts)

31.    Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiffs seek a jury trial for their legal claims based on the California Labor Code while simultaneously seeking equitable relief for their claims under the UCL.  Given that these claims require different triers of fact to address the same facts and legal theories, Plaintiffs' request for both legal and equitable relief may lead to inconsistent results.  Also, because Plaintiffs' claims under the California Labor Code involve the same facts and legal theories as Plaintiffs' claims under the UCL, Defendant is necessarily denied the benefits of the streamlined procedure based on the UCL if Plaintiffs continue to pursue both legal and equitable claims.

## THIRTY-SECOND DEFENSE

### (Inability to Recover Attorneys' Fees Under the UCL)

32.    Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiffs seek attorneys' fees and costs because Plaintiffs cannot show the enforcement of an important right affecting the public interest.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-THIRD DEFENSE

### (Failure to Allege Facts to Support Restitution)

33.    Plaintiffs' Complaint fails to the extent that Plaintiffs cannot show a specific and individualized amount of property claimed by Plaintiffs and/or any other member of the purported class, as required for a remedy of restitution under the UCL.

## THIRTY-FOURTH DEFENSE

### (Failure To Show The Lack Of Itemized Or Accurate Wage Statement)

34.    Plaintiffs' claim for violation of Labor Code § 226 is barred to the extent that Plaintiffs cannot show a failure to furnish an accurate, itemized statement in writing at the time of each payment of wages.

## THIRTY-FIFTH DEFENSE

### (Failure to Show Intentional Violation of Wage Statement Requirements)

35.    Plaintiffs' Complaint, and each purported claim alleged therein alleging a failure to provide compliant wage statements, is barred because Defendant or any of its officers, agents, employees, fiduciaries, or other person(s) who has the control, receipt, custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee, did not knowingly and intentionally violate the provisions of California Labor Code § 226.

## THIRTY-SIXTH DEFENSE

### (No Liability for Derivative Wage Statement Claim)

36.    Plaintiffs' Complaint, and each purported claim alleged therein alleging a failure to provide compliant wage statements, is barred because Plaintiffs' claim for violation of Labor Code § 226 is derivative of Plaintiffs' other allegations.  *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336 (2018) (rejecting argument that "any failure to pay overtime at the appropriate rate also generates a wage statement injury justifying the imposition of wage statement penalties – an apparent unintentional double recovery").

9

### THIRTY-SEVENTH DEFENSE

### (*De Minimis* Doctrine)

37.    Plaintiffs' and the putative class members' claims fail to the extent that even if they, or any of them, were not paid for any work performed, which Defendant denies, such work was *de minimis*.

### THIRTY-EIGHTH DEFENSE

### (Irregular or Brief in Duration)

38.    Plaintiffs' Complaint, and each purported cause of action alleged therein alleging the failure to pay all wages owed, fails to the extent that even if Plaintiffs or the alleged aggrieved employees were not paid for all work performed, such activities were "so irregular or brief in duration that employers may not be reasonably required to compensate employees for the time spent on them." *Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (2018).

### THIRTY-NINTH DEFENSE

### (Full Payment for All Hours Worked)

39.    Plaintiffs' Complaint, and each purported claim alleged therein alleging the failure to pay all wages owed, is barred in whole or in part to the extent that Plaintiffs and the alleged aggrieved employees received full compensation for all work performed.

### FORTIETH DEFENSE

### (Not Compensable Time)

40.    Plaintiffs' claims are precluded to the extent that all or part of the time for which pay is claimed is not compensable time worked.

### FORTY-FIRST DEFENSE

### (No Knowledge Of Off-the-Clock or Unreported Work Time, Overtime Or Denial Of Meal Or Rest Periods)

41.    Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported off-the-clock or overtime work allegedly performed by Plaintiffs or any other purportedly similarly situated current or former employees.  Defendant also did not have actual or constructive knowledge that Plaintiffs or any

10

other purportedly similarly situated current or former employees were denied any meal or rest periods. *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc*., 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation"); *Davis v. Food Lion,* 792 F.2d 1274, 1276-77 (4th Cir. 1986) ("it is necessary for a plaintiff to show that his employer had knowledge, either actual or constructive, of his overtime work").  Plaintiffs and any alleged aggrieved employees, therefore, did not provide Defendant with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiffs and any allegedly aggrieved employees prior to the filing of this lawsuit.

### FORTY-SECOND DEFENSE

### (Meal Periods Were Provided And Rest Periods Were Authorized And Permitted)

42.    Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to state a basis upon which relief can be granted because Defendant, at all relevant times, provided meal periods and authorized and permitted rest periods as required by law, and Plaintiffs and/or those individuals they seek to represent chose not to take them.

### FORTY-THIRD DEFENSE

### (Meal Period Waiver)

43.    Plaintiffs' Complaint, and each purported claim alleged therein alleging a meal period violation, is barred to the extent that Plaintiffs or the alleged aggrieved employees voluntarily waived the right to a meal period for shifts of more than five but less than six hours and/or shifts of more than 10 hours but less than 12 hours.

### FORTY-FOURTH DEFENSE

### (Premium Wages for Alleged Failure to Take Meal Periods or Rest Periods)

44.    Plaintiffs' Complaint, and each purported claim alleged therein alleging a meal or rest period violation, is barred to the extent that Plaintiffs or the alleged aggrieved employees were paid a "premium wage" of an additional hour of pay at the regular rate of compensation for each day, if any, when they were not provided a meal period or not authorized or permitted to take a rest period.  The

11

payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

## FORTY-FIFTH DEFENSE

### (Substantial Compliance)

45.     Plaintiffs' Complaint, and each purported claim alleged therein, is barred in whole or in part because Defendant complied with its statutory obligations, and to the extent it is determined that there was technical non-compliance, Defendant substantially complied with its obligations and is not liable in whole or in part for the claims of Plaintiffs and/or the alleged aggrieved employees.

## FORTY-SIXTH DEFENSE

### (Manageability)

46.     Plaintiffs' Complaint, and each purported claim alleged therein, is not proper for treatment as a representative action under California Labor Code §§ 2698 *et seq.*, the Private Attorneys General Act of 2004 ("PAGA") because, among other reasons, the representative action is not manageable.

## FORTY-SEVENTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

47.     Plaintiffs' Complaint, and each purported claim alleged therein, is barred to the extent that Plaintiffs have failed to timely exhaust any administrative or statutory remedies, including without limitation the exhaustion requirements found in PAGA.

## FORTY-EIGHTH DEFENSE

### (Inability to Pursue Penalties Under PAGA)

48.     Plaintiffs' Complaint, and each purported claim alleged therein, is barred to the extent that Plaintiffs seek civil penalties for alleged violations of the Labor Code that already contain a statutory or other civil penalty.

## FORTY-NINTH DEFENSE

### (Not an Aggrieved Employee)

49.     Plaintiffs' Complaint, and each purported claim alleged therein, is barred because Plaintiffs and the alleged aggrieved employees are not aggrieved employees and are not entitled to any relief under PAGA.

## FIFTIETH DEFENSE

### (Unjust, Arbitrary, and Oppressive, or Confiscatory Penalties)

50.     Plaintiffs and the alleged aggrieved employees are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## FIFTY-FIRST DEFENSE

### (Due Process/Excessive Penalties)

51.     Plaintiffs and the alleged aggrieved employees are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory or disproportionate to any damage or loss incurred as a result of Defendant's alleged conduct and therefore unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

## FIFTY-SECOND DEFENSE

### (Unlawful Delegation of Executive Authority)

52.     Plaintiffs' Complaint, and each purported claim alleged therein, is barred to the extent that private actions seeking PAGA penalties manifest an unlawful delegation of executive authority.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTY-THIRD DEFENSE**

**(No Penalties Beyond "Initial" Violation)**

53.    Plaintiffs' Complaint, and each purported claim alleged therein, is barred to the extent that Plaintiffs and the alleged aggrieved employees seek penalties beyond the "initial" violation as described in California Labor Code § 2699(f)(2).

**FIFTY-FOURTH DEFENSE**

**(Preemption of California Overtime and Meal and Rest Period Rules by Federal Law)**

54.    The alleged overtime and meal and rest period claims of Plaintiff, the putative class, and the purported aggrieved employees set forth in the Complaint are preempted by federal law, including but not limited to the Federal Motor Carrier Safety Administration's hour-of-service regulations. *See International Brotherhood of Teamsters v. Federal Motor Carrier Safety Administration*, 986 F.3d 841 (9th Cir. January 15, 2021) (upholding FMCSA's 2018 preemption decision regarding California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers).

**FIFTY-FIFTH DEFENSE**

**(Consent)**

55.    Plaintiffs' Complaint, and each purported claim alleged therein, is barred to the extent Defendant's alleged conduct complained of in the Complaint was approved, consented to, or authorized by Plaintiffs and the alleged aggrieved employees through their actions, omissions, and course of conduct. Accordingly, the Complaint, and each purported claim alleged therein, are barred.

**FIFTY-SIXTH DEFENSE**

**(Ratification)**

56.    Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiffs and the potential class members ratified Defendant's alleged actions.

**FIFTY-SEVENTH DEFENSE**

**(Reimbursement Obligation Satisfied)**

57.    Plaintiffs' Complaint, and each purported claim alleged therein alleging a failure to reimburse reasonable and necessary business expenses, is barred because Defendant has satisfied any expense reimbursement obligation under California Labor Code § 2802.

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTY-EIGHTH DEFENSE

### (Unreasonable or Unnecessary Business Expenses)

58.     Plaintiffs' Complaint, and each purported claim alleged therein alleging a failure to reimburse reasonable and necessary business expenses, is barred to the extent that expenses incurred by Plaintiffs and the alleged aggrieved employees were not incurred in the direct consequence of the discharge of their duties or were not necessary and reasonable.

## FIFTY-NINTH DEFENSE

### (No Knowledge Of Reasonable And Necessary Business Expenses)

59.     Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiffs, or those persons they purport to represent, did not inform Defendant of or seek indemnification for reasonably and necessarily incurred business expenses.  An employer cannot be held liable for failing to indemnify an employee's necessary expenses if it does not know or have reason to know that the employee has incurred the expenses.

## SIXTIETH DEFENSE

### (Plaintiffs Cannot Meet Burden and Due Process – Class Action)

60.     All of Plaintiffs' claims on behalf of absent putative class members fail because Plaintiffs cannot meet their burden of demonstrating that each requirement of class certification, including but not limited to ascertainability, numerosity, adequacy, typicality, commonality, predominance, and superiority, is met here, and because certifying a class in the circumstances of this case would violate Defendant's rights to due process under the law.  To the extent that class certification is nonetheless granted at a future date, Defendant alleges and asserts each of the defenses previously stated herein against each and every putative class member.

## SIXTY-FIRST DEFENSE

### (No Certifiable Class)

61.     Plaintiffs' Complaint fails to allege facts sufficient to warrant class certification and/or an award of class damages.

DEFENDANT MACH 1 GLOBAL SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIXTY-SECOND DEFENSE**

**(Inadequate Class Representative)**

62.     Plaintiffs' claims are not amenable to class treatment because one or more of the plaintiffs is an inadequate class representative.

**SIXTY-THIRD DEFENSE**

**(Class Conflicts)**

63.     Plaintiffs' class claims are barred because class certification would be inappropriate due to conflicts of interest between Plaintiffs and the proposed class members.

**SIXTY-FOURTH DEFENSE**

**(No FLSA Collective Action)**

64.     Plaintiffs' claims do not satisfy the requirements for a collective action under the Fair Labor Standards Act ("FLSA").

**SIXTY-FIFTH DEFENSE**

**(Lack of Personal Jurisdiction)**

65.     The court lacks personal jurisdiction over Defendant with regard to the claims of the putative collective members or opt-in plaintiffs who did not work for Defendant in California during the relevant time period.

**SIXTY-SIXTH DEFENSE**

**(Due Process – Class Action)**

66.     Adjudication of this action on a class-wide basis, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's rights to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.  *See, e.g., Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011).

**SIXTY-SEVENTH DEFENSE**

**(Due Process -- Business and Professions Code § 17200)**

67.     Plaintiffs' prosecution of this action as representatives of the general public under California Business and Professions Code § 17200, *et seq.*, as applied to the facts and circumstances of

this case, would constitute a denial of Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

## SIXTY-EIGHTH DEFENSE

### (Violations Discontinued)

68. Plaintiffs' claims seeking recovery in the form of restitution, disgorgement, or injunctive relief under California Business and Professions Code § 17200, *et seq.*, are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

## SIXTY-NINTH DEFENSE

### (Exemption)

69. Plaintiffs and/or the prospective class members are subject to one or more exemptions to overtime and/or other requirements under California law and/or wage orders, including but not limited to Wage Order 9-2001(3)(L).

## ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing for the Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiffs on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees according to proof;

4. That Defendant be awarded its costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DEFENDANT MACH 1 GLOBAL SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT

1    DATED: September 9, 2021                     Respectfully submitted,

2                                                 SEYFARTH SHAW LLP

3

4                                                 By:
                                                     Brian T. Ashe
5                                                    Timothy M. Hoppe
                                                     Jonathan D. Martin
6                                                    Attorneys for Defendant
                                                     MACH 1 GLOBAL SERVICES, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

74245372v.3    DEFENDANT MACH 1 GLOBAL SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT

1

## **PROOF OF SERVICE**

2

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California, 94105. On September 9, 2021, I served the within document(s):

3

4

    DEFENDANT MACH 1 GLOBAL SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT

5

6

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

7

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

8

9

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

10

11

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

12

13

    Christopher J. Hamner
HAMNER LAW OFFICES, APLC
26565 West Agoura Road, Suite 200-197
Calabasas, California  91302
chamner@hamnerlaw.com

14

15

16

*Attorneys for Plaintiffs*

17

18

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

    Executed on September 9, 2021, at Rohnert Park, California.

23

24

*karen Shepardson*

25

_____

Karen Shepardson

26

27

28